**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| | ) | JURY DEMANDED |
| GRETCHEN ORME, | ) | |
| Plaintiff, | ) | Case No.:    FILED: JULY 2, 2008 |
| | ) | 08CV3788 |
| v. | ) | Judge:    JUDGE BUCKLO |
| | ) | MAGISTRATE JUDGE VALDEZ |
| GLEN-GERY CORPORATION, | ) | Magistrate: MKH |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff, GRETCHEN ORME ("ORME"), by her undersigned attorney, and for her

complaint against Defendant, GLEN-GERY CORPORATION ("GLEN-GERY"), states as

follows:

**NATURE OF THE CASE**

1.     The cause of action for Plaintiff arises under Title VII of the Civil Rights Act,

42 U.S.C. § 2000e as amended and 28 U.S.C. § 1331.

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 2000e

and 28 U.S.C. § 1331.

3.     Venue in the Northern District of Illinois is proper.  The claim for relief arose

in this state as required by 42 U.S.C. § 2000e.

4.      All conditions precedent have been fulfilled by Plaintiff. On or about November 3, 2005, Plaintiff filed Charge of Discrimination #21B-2006-00257 with the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff received her Right-to-Sue Letter from the EEOC on May 15, 2008. Said Right-to-Sue Letter and Charge are attached and incorporated herein. **(Attached as Exhibit A)**.

## PARTIES

5.      Plaintiff, ORME, is female and a resident of the State of Illinois.

6.      Defendant, GLEN-GERY, is duly registered to conduct business in the State of Illinois.

7.      At all times pertinent hereto, Defendant has engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

## COUNT I
## COMPLAINT OF GRETCHEN ORME
## FOR HOSTILE WORK ENVIRONMENT BECAUSE OF
## SEX/PREGNANCY

8.      That Plaintiff became employed by Defendant on or about April 28, 2004 in the position of Safety Coordinator.

9.     That Plaintiff was a satisfactory and conscientious employee who performed assigned tasks in an acceptable manner consistent with Defendant's standards and regulations.

10.     That Plaintiff was pregnant from March 2005 through January 2006. Plaintiff, informed RICHARD BARRETT, Defendant's Plant Manager, that she was pregnant on or about May 27, 2005.

11.     That at all times relevant herein, WAYNE HUTTON ("HUTTON") was employed by Defendant in the position of Plant Superintendent.

12.     That at all times relevant herein, DOUG COLEMAN ("COLEMAN") was employed by Defendant in the position of Plant Superintendent.

13.     That at all times relevant herein, JAMES JOHNSON ("JOHNSON") was employed by Defendant.

14.     That at all times relevant herein, CRAIG LOCK ("LOCK") was employed by Defendant in the position of Shipping Supervisor.

15.     That at all times relevant herein, JERRY CARTER ("CARTER") was employed by Defendant in the position of Supervisor.

16.    That at all times relevant herein, TERRY KENNEDY ("KENNEDY") was employed by Defendant in the position of Supervisor.

17.    That at all times relevant herein, LYLE JOBST ("JOBST") was employed by Defendant in the position of Plant Controller.

18.    That at all times relevant herein, LAWSON BOOKER ("BOOKER") was employed by the Defendant in the position of Vice President of Human Resources.

19.    That at all times relevant herein, KIMBERLY RARDIN ("RARDIN") was employed by the Defendant as District Manager.

20.    That at various times during her employment with Defendant, Plaintiff was supervised by HUTTON, COLEMAN, LOCK, CARTER, KENNEDY, JOBST and RARDIN.

21.    That during Plaintiff's employment with Defendant, beginning in May 2004 and continuing until approximately August 9, 2005, Plaintiff was subjected to continuous, persistent, and egregious verbal sexual harassment by HUTTON, COLEMAN, JOHNSON, LOCK, CARTER, and KENNEDY. Such harassment created a hostile, intimidating, and offensive work environment that substantially interfered with Plaintiff's ability to perform her job.

22.    That during Plaintiff's employment with Defendant, beginning in May 2005

4

and continuing until approximately August 9, 2005, Plaintiff was subjected to continuous, persistent, and egregious verbal harassment because of her pregnancy by HUTTON, COLEMAN, JOHNSON, LOCK, CARTER, and KENNEDY. Such harassment created a hostile, intimidating, and offensive work environment that substantially interfered with Plaintiff's ability to perform her job.

23.     That in April 2005, HUTTON asked Plaintiff for her telephone number to give to RYAN ROSSISTER, co-worker, who had told HUTTON that he [ROSSISTER] had been thinking about Plaintiffs "hot body."

24.     That in November 2004, HUTTON told Plaintiff that she would have to "suck a lot of cock to get a brand new car."  HUTTON was referring to the car that Plaintiff's boyfriend had purchased her for Christmas.  This event was witnessed by MARCO RODRIGUEZ, who was employed by the Defendant in the position of Supervisor.

25.     That during a safety inspection, HUTTON took Plaintiff to Defendant's grinding room in their plant and showed her a box where pornographic magazines were kept. Plaintiff complained about this incident to RARDIN, who responded by laughing and saying, "Boys will be boys."

26.     That from May 2004 to August 9, 2005 HUTTON made several comments of a sexual nature while having conversations with other co-workers in the presence of Plaintiff. Plaintiff repeatedly told HUTTON that such sexual comments were unwelcome

5

and inappropriate.

27.     That on June 16, 2005, COLEMAN called Plaintiff a "fat, greasy-assed hussy."

28.     That on June 25, 2005, COLEMAN told Plaintiff to "Shut Up!" and when she attempted to continue talking, COLEMAN said, "Do you hear somebody talking?"

29.     That in the summer of 2004, JOHNSON asked Plaintiff during a meeting if she smoked after sex. Plaintiff found this extremely offensive and thus responded by saying, "[t]hat is very inappropriate. Please don't ask me that again." Plaintiff complained to everyone in her office after this incident and was later told by BOOKER, SARAH COBURN, and RAY STAUB that JOHNSON was spoken to about the incident.

30.     That Plaintiff complained to LOCK about inappropriate pictures of women that were hanging in the shipping department, LOCK responded by asking, "Are you jealous because you're not in the pictures?" Plaintiff immediately complained about the inappropriate pictures to RARDIN when she returned to her office.

31.     That on June 16,2005, LOCK said, "Good Morning, Fatty" to Plaintiff, who he knew to be pregnant.

32.     That on June 15, 2005, Plaintiff called the shipping office, where CARTER

answered the phone and asked, "Why don't you come down to the shipping department to visit?" Plaintiff replied that she had just seen LOCK the night before at Wal-Mart. Plaintiff then heard LOCK, who was in the background, state, "You can visit her because she's bullet proof." LOCK was referring to the fact that because she was pregnant, he could sleep with her without getting her pregnant.

33.     That CARTER told Plaintiff that he thought "pregos are sexy." Further, on June 20, 2005, CARTER called Plaintiff a "sexy prego" in front of co-worker DONNIE HURT. Plaintiff walked into the supply room in order to get away from CARTER, however, CARTER followed her into the supply room and continued making comments about how "pregos" are sexy.  Plaintiff complained to BOOKER, who replied that he did not think being called a "prego" was wrong.

34.     That in the summer of 2005, on one occasion CARTER pulled money out of his pants and asked Plaintiff for a lap dance. Plaintiff, in response, immediately walked away.

35.     That on June 15, 2005, KENNEDY said to Plaintiff, "I can't wait until your boobs swell up," in response to hearing that Plaintiff was pregnant.

36.     That in April 2005, JOHN VROBLE called Plaintiff into the meeting room, where he asked her, in front of other co-workers, if a pair of women's underwear that he was holding in his hand were hers. This pair of underwear was not hers. Embarrassed, she

7

grabbed them and quickly threw them away. JOHN VROBLE told Plaintiff that VINCE MINUTOLO had found the underwear in the vault and had passed them around during their meeting.

37.    On May 27,2005, RICHARD BARRETT, Plant Manager, told Plaintiff that since she was pregnant, people would be making fun of her. Plaintiff responded by saying that she didn't want any of that to happen. BARRETT then responded, "You'd better expect it, especially when your butt starts getting big. Are you having a bad day?" Plaintiff found BARRETT's comments extremely offensive.

38.    That from January 2005 to June 2005, Plaintiff routinely complained about the above mentioned sexual/pregnancy harassment to her immediate supervisor, RARDIN. Plaintiff also complained about the above mentioned sexual/pregnancy harassment to BOOKER via e-mail on June 24, 2005.

39.    That Defendant could have prevented said sexual/pregnancy harassment if Defendant implemented an effective anti-sexual harassment policy.

40.    That Defendant condoned sexual/pregnancy harassment and failed to maintain a harassment-free work environment by failing to provide adequate training, counseling, and instructions to its employees and officers, especially HUTTON, COLEMAN, JOHNSON, LOCK, CARTER, and KENNEDY, with respect to sexual/pregnancy harassment if female employees.

8

41.    That Defendant condoned sexual/pregnancy harassment and failed to maintain a harassment-free work environment by failing to employ an effective anti-sexual/pregnancy harassment policy with respect to its employees, especially HUTTON, COLEMAN, JOHNSON, LOCK, CARTER, and KENNEDY.

42.    That Defendant failed to maintain a harassment-free work environment by failing to take effective corrective action against HUTTON, COLEMAN, JOHNSON, LOCK, and KENNEDY after it became aware that they were conducting themselves improperly toward Plaintiff.

43.    That, as a result of these failures by Defendant, HUTTON, COLEMAN, LOCK, CARTER, and KENNEDY used their authority as supervisors to force their unwelcome sexual advances and offensive conduct on Plaintiff.

44.    That HUTTON, COLEMAN, JOHNSON, LOCK, and KENNEDY's treatment of Plaintiff was motivated by evil motive and intent and that Defendant was recklessly and callously indifferent to Plaintiff s federally protected rights.

45.    That the sexual harassment that Plaintiff was subjected to by Defendant, its agents, representatives and employees was persistent in nature, unwelcome, extremely offensive, humiliating, and effective in creating a hostile and intimidating work environment for Plaintiff.

9

46.    That said continuous and persistent sexual/pregnancy harassment adversely affected the terms and conditions of Plaintiff's employment with Defendant.

47.    That as a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights and sensibilities, Plaintiff has lost and will continue to lose substantial income, including, but not limited to, wages, fringes, pension, seniority benefits, and other employment benefits.

48.    That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered the indignity of discrimination, the invasion of her right to be free from discrimination, and great humiliation which is manifest in physical illness and emotional stress on the relationships between Plaintiff, her friends, family, and colleagues.

49.    That as a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered extreme mental anguish, outrage, severe anxiety about her future and her ability to support herself, harm to her employability and earning capacity, shameful embarrassment among her friends, colleagues, and co-workers, damage to her reputation, disruption to her personal life, and loss of enjoyment of the ordinary pleasures of life.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ORME, respectfully requests this Court provide the

following equitable and legal remedies for relief:

a.  Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way.

b.  Order a permanent injunction prohibiting Defendant from further acts of sexual harassment.

c.  Award Plaintiff, ORME, costs of litigation, including reasonable attorneys' fees and expert fees and expenses.

d.  Award Plaintiff, ORME, a judgment against Defendant for compensatory damages.

e.  Grant judgment against Defendant, GLEN-GERY, for punitive damages for willful and wanton conduct.

f.  Enter an order requiring Defendant, GLEN-GERY, to implement effective steps to eliminate sexual harassment and sex harassment from Defendant's company.

g.  Grant such other and further relief as this court deems just and proper.

## COUNT II
## COMPLAINT OF GRETCHEN ORME
## FOR CONSTRUCTIVE DISCHARGE

50.  That Plaintiff incorporates the preceding paragraphs by reference here.

51.  That Plaintiff met Defendant's performance standards as Safety Coordinator.

52.  That in April 2005, JOBST called Plaintiff into his office and told her that she could not wear flip flops to work, even though Plaintiff only wore them in her office, had never crossed the yellow line with them on, and others were still allowed to wear flip flops at work.

11

53.     On May 13,2005, Plaintiff requested vacation time for May 27 through May 31. JOBST did not return this request until May 18, when he denied it. JOBST stated that he could not give her several days off in a row because she had just complained that payroll and purchasing were taking up too much of her time and that her safety responsibilities were being neglected.

54.     That on June 5, 2005, REITER called Plaintiff "incompetent."

55.     That on June 22, 2005, BARRETT had brought back one of Plaintiff's vacation request forms and told her that it needed to go through JOBST for approval. BARRETT then added, "If it was up to me, I would deny it."

56.     That in April 2005,BARRETT stated to Plaintiff, "I know how you girls think...There is no need for you to apply for Kim's old job because neither of you are going to get it." Plaintiff later complained about not being able to apply for the position of Distribution Manager.

57.     That on August 4, 2005, BARRETT told Plaintiff, "I don't give a damn if you go to the EEOC or the Human Rights. This is my plant and you will follow my rules." Plaintiff found this comment to be both offensive and intimidating.

58.     That Defendant had notice and therefore, by doing nothing, Defendant

12

condoned the hostile and intolerable working conditions Plaintiff was faced with.

59.     That no reasonable-minded person could continue to work effectively in such an environment.

60.     That Plaintiff had no other choice but to resign because of Defendant's intolerable working conditions which included inferior treatment of Plaintiff, coupled with inferior benefits, terms, and conditions of employment.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ORME, respectfully requests this Court provide the following equitable and legal remedies for relief:

a.     Advance this case on the docket, order a speedy hearing at the earliest practicable date and cause this case to be expedited in every possible way.

b.     Order a permanent injunction prohibiting Defendant from further acts of sexual harassment.

c.     Award Plaintiff, ORME, costs of litigation, including reasonable attorneys' fees and expert fees and expenses.

d.     Award Plaintiff, ORME, a judgment against Defendant for compensatory damages.

e.     Grant judgment against Defendant, GLEN-GERY, for punitive damages for willful and wanton conduct.

f.     Enter an order requiring Defendant, GLEN-GERY, to implement effective steps to eliminate sexual harassment and sex harassment from Defendant's company.

g.     Grant such other and further relief as this court deems just and proper.

RESPECTFULLY SUBMITTED,
GRETCHEN ORME


By:    /s Uche O. Asonye
       One of Her Attorneys


Uche O. Asonye - 06209522
Mark Pando - 6283683
Scott Fanning - 6292790
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603
(312) 795-9110
(312) 795-9114 (Fax)

**JURY DEMAND**

NOW COMES the Plaintiff, GRETCHEN ORME, by her undersigned attorney, and

demands a trial by jury in the above entitled cause of action.


RESPECTFULLY SUBMITTED,
GRETCHEN ORME

By:     /s Uche O. Asonye
         One of Her Attorneys


Uche O. Asonye - 06209522
Mark Pando - 6283683
Scott Fanning - 6292790
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603
(312) 795-9110
(312) 795-9114 (Fax)

# EXHIBIT A

08CV3788
JUDGE BUCKLO
MAGISTRATE JUDGE VALDEZ
MKH

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Gretchen Orme**
1449 N 36th Road
Ottawa, IL 61350

**CERTIFIED MAIL 7099 3400 0014 4054 2211**

From: **Chicago District Office**
500 West Madison St
Suite 2800
Chicago, IL 60661

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2006-00257 | **Armernola P. Smith,** **State & Local Coordinator** | **(312) 886-5973** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*

05/15/2008 mjh

Enclosures(s)

**John P. Rowe,**
**District Director**

*(Date Mailed)*

cc: **GLEN GERY BRICK**
1401 Broadway Street
Marseilles, IL 61341



**U.S EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Chicago District Office**

500 West Madison St., Suite 2800
Chicago, Il 60661-2511
PH: (312) 353-2713
TDD: (312) 353-2421
ENFORCEMENT FAX: (312) 886-1168
LEGAL FAX: (312) 353-8555

**IMPORTANT NOTICE. PLEASE READ CAREFULLY. KEEP THIS
NOTICE WITH YOUR OTHER RECORDS OF THIS CHARGE.
THIS MAY BE THE ONLY NOTIFICATION FROM EEOC.**

**IDHR CHARGE NUMBER:** 2006CF1051    ORME  GRETCHEN

# EEOC NOTICE OF CHARGE FILED

You are filing a charge of employment discrimination with the Illinois Department of Human
Rights (IDHR).

As a result of an agreement between the Illinois Department of Human Rights (IDHR) and the
U. S. Equal Employment Opportunity Commission (EEOC), the EEOC will also receive for
filing the subject charge of discrimination.

You are encouraged to cooperate with the IDHR in the investigation of your charge. The final
findings and orders of that agency may be adopted by the EEOC.

The IDHR will process your charge. Under Section 1601.76 of EEOC's regulations, you are
entitled to request that EEOC review the IDHR's investigation and findings. To obtain this
review, you must request it by writing to this office within 15 days of your receipt of the
IDHR's final findings of your case. If we do not receive such a request for a review, EEOC
will likely accept the IDHR's findings without any review or any other processing by EEOC.

EEOC regulations require that you notify us of any change in address and keep us informed of
any prolonged absence from your current address. Your cooperation in this matter is essential.

*PLEASE NOTE: BUILDING SECURITY PROCEDURES PRESENTLY IN PLACE
DO NOT PERMIT ACCESS TO EEOC WITHOUT AN APPOINTMENT. IF AN
APPOINTMENT IS REQUIRED, CALL (312) 353-2713 OR 1-800-669-4000.*

EEOC NOTICE

GO IDHR 00209

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy act statement before completing this form.  06M0712.01 | ☒ IDHR  ☐ EEOC | 2006CF1051 |

**Illinois Department of Human Rights and EEOC**

| NAME (indicate Mr. Ms. Mrs.)  Gretchen V. M. Orme | HOME TELEPHONE (include area code)  815-433-6058 | |
|---|---|---|
| STREET ADDRESS  1449 North 36th Road | CITY, STATE AND ZIP CODE  Ottawa, Illinois 61350 | DATE OF BIRTH  / / |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME  Glen-Grey Brick | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (include area code)  815-795-6922 |
|---|---|---|
| STREET ADDRESS  1401 Broadway Street | CITY, STATE AND ZIP CODE  Marseilles, Illinois 61341 | COUNTY  LaSalle |

| CAUSE OF DISCRIMINATION BASED ON:  SEXUAL HARASSMENT    SEX | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL)  / /      8 /09 /05  ☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (if additional space is needed attach extra sheets)

I.  A.  ISSUE/BASIS
SEXUAL HARASSMENT- MAY, 2004, THROUGH AUGUST 9, 2005

   B.  PRIMA FACIE ALLEGATIONS
   1. My job performance as safety administrator met Respondent's legitimate expectations. I was hired in May, 2004.

   2. From about May, 2004, through August 9, 2005, I was sexually harassed by Wayne Hutton. The sexual harassment by Wayne consisted of him wanting to given my home telephone number to an employee Ryan Rossister, who had been thinking about my hot body and comments of a sexual nature.

   3. These incidents were unwanted and unwelcome and I made Wayne aware of same on more than one occasion.

   4. This situation created a hostile environment and interfered with my job ability in that I was very uncomfortable.

| Cont.d......  I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME ON THIS  _Krystal I. Rogers_  11/3/05  NOTARY SIGNATURE        MONTH DATE-YEAR |
|---|---|
| "OFFICIAL SEAL"  Krystal I. Rogers  Notary Public, State of Illinois  My Commission Expires Nov. 15, 2006  **NOTARY SEAL** | x _Gretchen VM Orme_ 11/3/05  SIGNATURE OF COMPLAINANT        DATE  I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |

FORM 5 (5/05)

GO IDHR 00210

Complainant: Gretchen V. M. Orme
Charge Number:2006CF1051
Page 2

II.    A.    ISSUE/BASIS
             VERBAL HARASSMENT – JUNE, 2005, THROUGH AUGUST 9, 2005,
             BECAUSE OF MY SEX, FEMALE

       B.    PRIMA FACIE ALLEGATIONS
             1.    My sex is female.

             2.    My job performance as a safety administrator met Respondent's
                   legitimate expectations. I was hired in May, 2004.

             3.    From about June, 2005, through August 9, 2005, I was verbally
                   harassed. The harassment consisted of name calling , vulgar comments
                   referring to females as pregros are sexy.

             4.    Similarly situated male employees were not harassed.

III.   A.    ISSUE/BASIS
             CONSTRUCTIVE DISCHARGE – AUGUST 10, 2005, BECAUSE OF
             SEXUAL HARASMENT AND SEX DISCRIMINIATION

       B.    PRIMA FACIE ALLEGATIONS
             1.    From about May, 2005, through August 9, 2005, I was sexually harassed
                   and harassed because of my sex, female.

             2.    My job performance as a safety administrator met Respondent's
                   legitimate expectations. I was hired in May, 2004.

             3.    Due to the continuing harassment, I conclude that Respondent did not
                   want me employed there and, thus, constructed a work environment so
                   hostile and intolerable that no reasonable minded person could continue
                   to work effectively within such an environment. Consequently, I had no
                   other alternative but to resign from Respondent on August 10, 2005.

MFP/JJT/RCG